IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIAN SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-01109-JDB-jay |
| | ) | |
| TIM SERRATT, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER OVERRULING DEFENDANT'S OBJECTION AND
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the motion of Plaintiff, Adrian Sanders, for default judgment.[1] (Docket Entry ("D.E") 19.) Sanders filed his motion after the Clerk's entry of default against Defendant, Tim Serratt.[2] (D.E. 14.) The undersigned referred the motion to the United States magistrate judge for a report and recommendation and, if necessary, to conduct a hearing to determine damages. (D.E. 20.) Magistrate Judge Jon A. York held a hearing on the motion on October 13, 2023, at which both parties were present with Serratt appearing pro se. (D.E. 26.) Thereafter, Judge York issued a report and recommendation finding that liability was not disputed based on the entry of default and recommended awarding Plaintiff $147,750 in compensatory damages and $50,000 in punitive damages. (D.E. 27 at PageID 61.) Serratt filed a timely objection on November 1, 2023.

---

[1] Lance Wright was previously a Defendant in this action. (D.E. 1.) However, pursuant to a settlement agreement, the Court has dismissed the case against him with prejudice. (D.E. 24.)

[2] Plaintiff initiated this action on June 9, 2023. (D.E. 1.) A review of the docket shows that Defendant has not filed a responsive pleading to date despite being required to do so by Federal Rule of Civil Procedure 12(a).

(D.E. 28.) Plaintiff has not filed a response.[3] For the following reasons, Defendant's objections are OVERRULED and the Magistrate Judge's report and recommendation is ADOPTED.

## STANDARD OF REVIEW

Rule 72 of the Federal Rules of Civil Procedure permits a party to "serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see* LR 72.1(g)(2). Objections must, even where the plaintiff is pro se, be "clear so that the district court can discern those issues that are dispositive and contentious." *Jessie v. Phaneuf*, No. 21-cv-11201, 2023 WL 1099756, at *2 (E.D. Mich. Jan. 30, 2023) (internal quotation marks omitted) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)); *see Ragland v. F & M Koz, Inc.*, No. 21-cv-02530, 2022 WL 945317, at *4 (W.D. Tenn. Mar. 29, 2022). That is, "the objections must be clear and specific enough to permit the Court to squarely address them on the merits." *Jessie*, 2023 WL 1099756, at *2 (citing *Pearce v. Chrysler Grp. LLC Pension Plan*, 898 F.3d 339, 346 (6th Cir. 2018)). A generalized objection "does not sufficiently identify alleged errors on the part of the magistrate judge." *Razmi v. Solaronics, Inc.*, No. 15-cv-10430, 2016 WL 5339732, at *2 (E.D. Mich. Sept. 23, 2016). The objection "should include how the [magistrate judge's] analysis [was] wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue." *Taylor v. Haven Hill MHP*, No. 21-cv-2492, 2021 WL 4972451, at *1 (W.D. Tenn. Oct. 26, 2021). A general objection, such as an objection that "merely restates the arguments previously presented," falls short of sufficiently identifying errors in the magistrate judge's report and recommendation. *Id.*

---

[3] Under the Local Rules, "Any other party *may* file a response within 14 days after being served with a copy of [an] objection[]." LR 72.1(g)(2) (emphasis added). Consequently, a response is not mandatory.

Still, "[a] document filed pro se is 'to be liberally construed[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Despite being "held 'to less stringent standards,'" pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (declining "to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants"). Upon the filing of timely objections, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1); LR 72.1(g)(2).

## LAW & ANALYSIS

Defendant raises two areas of disagreement with Judge York's report and recommendation: (1) the award of compensatory damages because Plaintiff was not permitted to operate a business at the time of the offending conduct; and (2) the imposition of punitive damages. (D.E. 28.)

I.  General Objections

As a threshold matter, general objections are regarded as a failure to object. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Here, Serratt's objections range from offering some details, to conclusory statements about an entire category of damages, and then to the entire report and recommendation. (D.E. 28.) For instance, as to compensatory damages, Defendant's first and second challenges aver that "Plaintiff was not allowed to conduct business on said property" and "Plaintiff ha[d] no right to own or operate a business i[n] Madison County before said date." (*Id.*) Meanwhile, Serratt's third and fourth objections contest, verbatim,

3

"Punitive Damages" and "Judges [sic] Recommendation." (*Id.*) The third and fourth "objections" are general objections even when construed liberally because the Court cannot discern Defendant's arguments without guesswork. *See Erickson*, 551 U.S. at 94 (quoting *Estelle*, 429 U.S. at 106). The undersigned will not craft Serratt's arguments for him. Thus, Defendant's third and fourth objections are really none at all and will not be addressed. *See Howard*, 932 F.2d at 509.

II.     Objections to Compensatory Damage Award

Serratt asserts that Sanders is not entitled to compensatory damages because "he was not allowed to conduct business on said property" and "ha[d] no right to own or operate a business i[n] Madison County before said date." (D.E. 28.) Construing these arguments liberally, Defendant is challenging a finding that he is liable to Plaintiff. (*Id.*) However, because Serratt failed to file a responsive pleading or otherwise defend this action, the Clerk entered default against him, and the Magistrate Judge held that "default is appropriate in this case [and] the factual allegations in the [c]omplaint are taken as true." (D.E. 14; D.E. 27 at PageID 57.) Defendant has not contested those conclusions here or otherwise shown good cause to set aside the default under Federal Rule of Civil Procedure 55(c); instead, he has only addressed the merits of the complaint. (D.E. 28.) As a result, Defendant is liable—as a matter of law—for the violations alleged in the complaint. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) ("[Default judgment] conclusively establishes every factual predicate of a claim for relief."). Accordingly, Serratt's objections based on his liability, and the corresponding award of compensatory damages, are overruled because the alleged facts are conclusively established.

## CONCLUSION

Therefore, upon a de novo review of the record and briefing, Defendant's objection (D.E. 28) to the Magistrate Judge's report and recommendation (D.E. 27) is OVERRULED. The report

4

and recommendation is ADOPTED.  As such, this case is DISMISSED WITH PREJUDICE.  The Clerk is DIRECTED to enter judgment for Plaintiff with compensatory damages of $147,750 and punitive damages of $50,000 assessed to Serratt.

    IT IS SO ORDERED this 17th day of November 2023.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE
